Pearson, C. J.
 

 In the Superior Court, the defendant resisted the confirmation of the report of the commissioners, on the ground that the petitioner could drain his land by cutting a ditch on his own land, without crossing the land of the defendant, and on the same ground, moved to dismiss the petition. This raised a question of fact, which his Honor undertook to decide, and, thereupon, witnesses were examined by him, and in the case made up for this Court, the testimony of the witnesses on both sides is set out.
 

 It is clear, this Court cannot review the decision of his Honor in respect to the question of fact, and if we were confined to the points taken before him, it would follow that the judgment must be affirmed. But in this Court, the defendant’s counsel moved in arrest of the judgment, on the ground, that the appeal from the county court vacated, not only the judgment, or order of confirmation made by that Court, but likewise the report of commissioners; so that in the Superior Court, there was nothing to act on, and it became necessary to proceed
 
 de
 
 novo, by the appointment of commissioners,
 
 *344
 
 wbo, should make a report upon which the Court could act, on the same principle which applies to appeals in ordinary cases, where the Court does not give judgment on the verdict in the County Court, but the trial is
 
 de novo.
 

 The motion presents this question : Is the appeal allowed merely in respect to the action of the Court, or is it also allowed in respect to the action of the commissioners ? And this depends upon whether the commissioners constitute an integral part of the court, as the jury does in the trial of ordinary cases, or form a separate and distinct tribunal, whose action is made subject to the control of the court, provided good cause can be shown against it; for, if it be a separate and distinct tribunal, although the county court is authorised to control it by passing on the question, whether good, cause is or is not shown against its action, an appeal would only have the effect to vacate the judgment of the county court with respect to the question which was before it, and carry up that question for the decision of the Superior Court, leaving the report of the commissioners open to be set aside or confirmed bjr the County Court upon a writ of
 
 ^procedendo,
 
 according to the opinion of the Superior Court.
 

 That the commissioners do form a separate and distinct tribunal, is settled upon the construction of the statute as it formerly stood in the Rev. Stat., chap. 40 ;
 
 Collins
 
 v.
 
 Haughton,
 
 4 Ire. Rep. 420 ;
 
 Raleigh and Gaston Rail Road v. Jones,
 
 1 Ire. Rep. 24;
 
 Stanly
 
 v.
 
 Watson,
 
 11 Ire. Rep. 124. So the question is narrowed to this: does the statute, as reenacted in the Rev. Code, ch. 40, change the character of the commissioners, so as to put them on the footing of an ordinary jury, whose province is, as an integral part of the court to decide “ issues of fact,” or do they still form a separate and distinct tribunal ?
 

 This statute is much amplified in the Revised Code by going into many details, and being made to embrace embankments against inundation, as well as ditches and canals for draining. But in respect to the commissioners, the provisions are substantially the same. The number is changed from
 
 *345
 
 twelve to seven, and a majority are authorised to act, which, if it affects the question at all, seems to depart from the idea of an ordinary jury, but the main provisions are unchanged, viz., the commissioners are to be
 
 selected by the
 
 court, not to be summoned by the sheriff upon a
 
 venire,
 
 and the commissioners are to
 
 “determine
 
 and
 
 report
 
 whether the land can be conveniently drained, &c.” They are also to “ decide and determine the route of the canal, &c.” These enactments, taken in connection with the fact, that the courts had put a construction upon them in the Eevised Statutes, establish so conclusively that it was the intention of the Legislature to use them in the same sense,♦hat it would seem, nothing short of a direct and express provision to the contrary could justify a different construction.
 

 The counsel for the defendant, in support of his position, relied upon these words, “ unless good cause be shown to the contrary,” which, in the Eevised Code are added to the provision requiring the commissioners to report the whole matter to the Court, who shall confirm the same, but are not expressed in the Eevised Statutes. The whole force of this suggestion is met by the fact, that in the cases above cited, the Court assumes that these words are implied in the Eevised Statutes, from the provison which requires the commissioners to report the whole matter to the Court, aud makes the report subject to confinnation by the Court, so that, in construing the statute, the Court considers these words as understood, and, all that is done in the Eevised 'Code, is to express the very words which the courts had said were implied— thereby presenting matter for the action of the County Court, which was subject to be reviewed in the Superior and Supreme Courts — not by way
 
 of' unlimited appeal,
 
 which would vacate, as well the report of the commissioners as the judgment of the County Court, and make it necessary for the Superior Court to proceed
 
 de novo,
 
 but by way of a writ of
 
 certiorari,
 
 in the nature of a writ of error ;• which would be in effect a
 
 limited
 
 appeal — in other words, an appeal restricted to the questions which the County Court were authorised to pass
 
 *346
 
 upon — leaving the report of the commissioners open to be confirmed, or set aside according to the decision reviewing the action of the County Court.
 

 The counsel for the defendant, in support of his position, that the Revised Code changed the character of the commissioners, also relied on the words used in the 15th section : “Where either party shall appeal to the Superior or Supreme Court, the cost of the appeal shall be paid as the court may direct.” This certainly does assume, that there is the right of appeal, and if there was no other mode of appeal known to our laws but an unlimited one, which vacates all that had been previously done, and puts the blatter in the conrt appealed to, to be proceeded on
 
 de
 
 novo, it would be difficult to resist the conclusion, that it was the intention of the Legislature to change the character of the commissioners from that of a separate and distinct tribunal, and put it on the footing of a jury, so that their report, like a verdict, should be vacated by the appeal. But the cases before cited, show that there are different modes of appeal known to our law, viz., an unlimited appeal, which vacates all that had been previously done, and a limited appeal, or a proceeding in the nature of an appeal, which brings up only questions of law, leaving what had been determined in regard to questions of fact open to be acted on, or set aside, according to the decision of the higher tribunal; and besides the consideration, that it can hardly be supposed that it was the intention to make so material a change by a mere incidental provision in respect to the question of costs, there is the further consideration, that no provision is made as to the manner of proceeding in the Superior Court, on the supposition that the matter is there to be tried
 
 da novo.
 
 Is the Judge to hear testimony and decide matters of fact as well as of law, as his Honor did in this case ? Or is he to have a jury empannelled 3 Or is he to appoint commissioners, who are to go on the premises 3 As this proceeding is not according to the course of the common law,, in the absence of directions as to the mode of proceeding, it would obviously be impracticable for the Superior Co-urt to
 
 *347
 
 entertain and dispose of an unlimited appeal; so the conclusion is irresistible, that the appeal referred to is one of a limited kind, bringing up only the questions of law, decided by the Comity Court on the question of confirming the report of the commissioners. This view of the question is supported by the fact, that the appeal to the Superior Court is connected with and treated as standing on t.he same footing as the appeal to the Supreme Court — in which latter ease, the appeal is limited and restricted to the questions of law, so as not to vacate any other part of the proceeding, except that involved in the action of the Court, as distinguished from the-action of the commissioners. There is no error. This will be certified to the Superior Court, to the end that a writ of
 
 jpro-' cedendo
 
 may issue, directing the County Court to confirm the the report. The defendant must pay the costs in this and the Superior Court.
 

 Per Curiam,
 

 Judgment affirmed.